**UNITED STATES v. CUDAHY PACKING CO. et al.**

**Civ. 669.**

United States District Court,
N. D. Iowa, W. D.

Jan. 26, 1952.

Henry C. Shull and Jesse E. Marshall, of Shull & Marshall, Sioux City, Iowa.

William B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, Harold J. Fleck, Special Asst. to the U. S. Dist. Atty., Oskaloosa, Iowa, and Waldo F. Wheeler, Trial Atty., Office of Price Stabilization, Des Moines, Iowa, for the plaintiff.

GRAVEN, District Judge.

On the 25th day of January, 1952, at the Federal Court House at Sioux City, Iowa, there came on for hearing the application of the plaintiff for a preliminary injunction.

The parties thereupon presented oral and documentary evidence, arguments of counsel were made, and said application was submitted to the court and by it taken under advisement. Now, to wit, on this 26th day of January, 1952, the court now being fully advised in the premises makes and enters the following Findings of Fact, Conclusions of Law, and Order.

### Findings of Fact

1. The defendant is a corporation organized under the laws of the State of Maine. It owns and operates a plant at Sioux City, Woodbury County, Iowa. At that plant, it has been and is engaged in the purchase of cattle and other livestock for the purpose of slaughter.

2. Pursuant to the Defense Production Act of 1950, 64 Stat. 798, as amended, Public Laws 69, 96, 82nd Congress, 50 U.S.C.A. Appendix, §§ 2061–2166, and Executive Order 10161, 15 F.R. 6105, 50 U.S.C.A. Appendix, § 2071 note and Economic Stabilization Agency General Order No. 2, 16 F.R. 738 the Director of Price Stabilization issued Ceiling Price Regulation 23 on April 30th, 1951, 16 F.R. 5118.

3. Ceiling Price Regulation 23 provides that a slaughterer of cattle shall not purchase cattle at prices, which when adjusted over an accounting period, will exceed the maximum costs permissible under that Regulation. Since June 2nd, 1951, the defendant has been and now is subject to the provisions of that Regulation.

4. Since June 2nd, 1951, the applicable accounting periods of the defendant have been from June 3rd to June 30th, 1951; July 1st to July 28th, 1951; July 31st to September 1st, 1951; September 2nd to September 29th, 1951; September 30th to October 27th, 1951; October 29th to December 2nd, 1951; and December 3rd to December 30th, 1951.

5. During the accounting periods of June 3rd to June 30th, 1951; from July 1st to July 28th, 1951, and from July 31st to September 1st, 1951, the prices paid by the defendant for cattle, the maximum permissible costs thereof, and the amount of overpayments in excess of those permitted by Ceiling Price Regulation No. 23 were as follows:

### Steers, Heifers, Cows and Stags

| Period | Maximum Permissible Costs | Actual Price Paid | Amount of Overpayment |
|---|---|---|---|
| 6/2 to 6/30/51 | $3,452,678.44 | $3,463,349.58 | $ 10,671.14 |
| 7/1 to 7/28/51 | 4,180,811.73 | 4,211,747.53 | 30,935.80 |
| 7/31 to 9/ 1/51 | 3,967,502.58 | 4,056,063.78 | 88,561.20 |
| Totals | 11,600,992.75 | 11,731,160.89 | |
| Total out of Compliance | | | $130,168.14 |

### Bulls

| Period | Maximum Permissible Costs | Actual Price Paid | Amount of Overpayment |
|---|---|---|---|
| 6/ 2 to 6/30/51 | $ 23,510.25 | $ 23,539.99 | $ 29.74 |
| 7/ 1 to 7/28/51 | 54,803.25 | 54,311.83 | (−491.42) |
| 7/31 to 9/ 1/51 | 50,222.97 | 50,172.71 | (− 50.26) |
| Totals | $128,536.47 | $128,024.53 | |
| Total in Compliance | | | $511.94 |

6. The evidence is not clear as to whether the defendant was or was not in compliance with Ceiling Price Regulation No. 23 as to cattle purchased by it during the accounting period from September 2nd to September 29th, 1951.

7. The defendant has been in compliance with the Ceiling Price Regulation No. 23 for the period from September 30th to October 27th, 1951; from October 29th to December 2nd, 1951; December 3rd to December 30th, 1951, and from December 31st, 1951, to January 22nd, 1952.

8. The application of the plaintiff for a preliminary injunction is made under the Defense Production Act of 1950. A Section of that Act, 50 U.S.C.A.Appendix, § 2109 (a), vests jurisdiction in the District Court of the United States to issue injunctions in actions arising under the provisions of that Act.

9. The application of the plaintiff for a preliminary injunction does not warrant or permit a determination of the issues of fact and law involved in the merits of the case. The only question presented is whether the showing of the plaintiff as to the matter of the defendant's non-compliance with the Defense Production Act of 1950 and Ceiling Price Regulation No. 23 issued thereunder makes it appear that there are substantial questions of law and fact to be determined on final hearing in connection therewith and that the defendant should, under the provisions of Section 2109(a), be restrained from non-compliance pending such hearing. The court finds that such showing has been made.

### Conclusions of Law

1. That this court has jurisdiction of the subject matter of this action and the parties thereto.

2. That pending final determination of the merits of the issues of law and fact in this action, the defendant should be restrained from non-compliance with the provisions of the Ceiling Price Regulation No. 23 in connection with its purchases of cattle at its Sioux City, Iowa, plant.

Done and Ordered at Sioux City, Iowa, this 26th day of January, 1952.